\* \* \* **NOT FOR PUBLICATION**[1] \* \* \*
**POST ON COURT'S WEBSITE**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>PAUL A JOE and<br>DIANE LYNN JOE,<br><br>          Debtors. | No.  07-43787 |
| In re:<br><br>BARBARA J. MANGINI,<br><br>          Debtor. | No.  08-10080<br><br>MEMORANDUM RE PRE-CONFIRMATION FEES |

Before the court are applications for payment of original (that is, pre-confirmation) attorneys' fees in these King County chapter 13[2] cases. They are but two of a considerable number of similar applications I have received since taking some of the Seattle chapter 13 docket. Addressing

---

[1] **THIS MEMORANDUM DECISION IS NOT APPROVED FOR PUBLICATION AND MAY NOT BE CITED EXCEPT WHEN RELEVANT UNDER THE DOCTRINE OF LAW OF THE CASE OR THE RULES OF RES JUDICATA AND CLAIM PRECLUSION.**

[2] Absent contrary indication, all "Code," chapter, and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109-8, 119 Stat. 23. "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "LBR" references are to the Local Bankruptcy Rules of this district.

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 1 of 14

the issues in these particular cases is not intended to suggest that the counsel involved have done a better or worse job than any number of others. Rather, the cases were essentially chosen at random as a predicate for analysis.

The applications are based on generic projected services, and the proposed orders leave formal applications detailing actual services entirely to the discretion of the applicants. I conclude that I cannot enter those orders, but will enter orders conditionally approving the fees, and requiring noticed applications to be filed within 30 days of confirmation. If counsel receive fees in excess of those ultimately awarded, disgorgement will be in order.

**I. BACKGROUND**

The application in Joe requests an award of $3,000.00 for pre-confirmation services. It indicates that the applicant has rates for attorneys at $250 per hour and for non-attorneys (not specified whether paralegals, clerical, or other) of $50 per hour. It sets forth in a table "[t]he general breakdown of time spent in services rendered or to be rendered . . . ." The table lists various activities, and, for each, the projected time, whether it is to be done by an attorney or staff member, and the resulting charge. Interestingly, it totals the time as 20 hours, but projects 21.5 hours. Presumably the first hour and a half are omitted from the total because that refers to an attorney's initial consultation with the client, and is indicated as "no charge." More interesting, the charges listed total $3,400.00, not $3,000.00.

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 2 of 14

Although counsel has filed a declaration of no objection, the application had been served only on the Trustee and the U.S. Trustee (although other parties receiving notice via ECF would also receive it). However, the application is consistent with the chapter 13 plan, served on all creditors, which called for original attorney's fees of $3,000.00, and noted that $2,000.00 remained unpaid.

In <u>Mangini</u> the application requests a total of $3,752.50 in fees and costs, and indicates debtor had paid $2,201.00, leaving a remaining balance of $1,551.50. The projected time is set forth on an exhibit, similar to the table contained in the <u>Joe</u> application. All the math works, in the sense that it is internally consistent, but attorney time is charged at $280 per hour, rather than the $250 per hour set forth in the application itself. As in <u>Joe</u>, the <u>Mangini</u> application is consistent with the amounts set forth in the proposed chapter 13 plan.

In summary, both applications project services and charges based on the applicants' experience with other chapter 13 cases; neither details the services actually rendered to these particular debtors, nor details any specific contact with creditors, the trustee's office, etc. Neither is sworn, and neither sets forth whether there is an agreement or understanding to share compensation.

The applicant in <u>Joe</u> requests I enter an order providing:

> Original attorney fees and costs of $3,000.00 are hereby approved as an administrative expense against the estate pursuant to 11 U.S.C. § 503(b), provided that fees paid to debtors' counsel shall be based on the actual fees for time and services rendered. The attorneys for Debtor(s) shall review the actual time records within thirty (30) days of entry of the Order Confirming Plan to determine whether a revised motion and/or order for additional fees or to reduce

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 3 of 14

original fees is necessary, as the case may be. Upon submission of a revised order decreasing fees due, debtor's counsel shall refund to the estate any fees paid by the Trustee in excess of those allowed by the proposed revised order.

The proposed order in <u>Mangini</u> is similar, and provides that counsel "may submit, on full notice, a revised motion for original fees setting forth detailed time records reflecting . . . ."

In essence, both orders leave entirely to the discretion of the applicants, absent a motion by the trustee, U.S. Trustee, or other party in interest, or <u>sua sponte</u> order of the court, whether a detailed fee application will ever be filed.

## II. JURISDICTION

These are core proceedings within federal bankruptcy jurisdiction, 28 U.S.C. § 157(b)(2)(A), referred to this court by General Rule 7 of the Local Rules, W.D. Washington.

## III. ANALYSIS

Section 330 of the Bankruptcy Code provides:

Compensation of officers

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103--
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 4 of 14

Case 07-43787-BDL    Doc 29    Filed 03/13/08    Ent. 03/13/08 16:37:40    Pg. 4 of 14

any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for--

(i) unnecessary duplication of services; or

(ii) services that were not--

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 5 of 14

Case 07-43787-BDL    Doc 29    Filed 03/13/08    Ent. 03/13/08 16:37:40    Pg. 5 of 14

```
 1                    (I) reasonably likely to benefit the debtor's
                      estate; or
 2
                      (II) necessary to the administration of the case.
 3
                 (B) In a chapter 12 or chapter 13 case in which the
 4               debtor is an individual, the court may allow
                 reasonable compensation to the debtor's attorney
 5               for representing the interests of the debtor in
                 connection with the bankruptcy case based on a
 6               consideration of the benefit and necessity of such
                 services to the debtor and the other factors set
 7               forth in this section. . . .

 8          Rule 2016 provides:

 9          Compensation for Services Rendered and Reimbursement of
            Expenses
10
                 (a) Application for compensation or reimbursement
11
                 An entity seeking interim or final compensation for
12               services, or reimbursement of necessary expenses,
                 from the estate shall file an application setting
13               forth a detailed statement of (1) the services
                 rendered, time expended and expenses incurred, and
14               (2) the amounts requested. An application for
                 compensation shall include a statement as to what
15               payments have theretofore been made or promised to
                 the applicant for services rendered or to be
16               rendered in any capacity whatsoever in connection
                 with the case, the source of the compensation so
17               paid or promised, whether any compensation
                 previously received has been shared and whether an
18               agreement or understanding exists between the
                 applicant and any other entity for the sharing of
19               compensation received or to be received for
                 services rendered in or in connection with the
20               case, and the particulars of any sharing of
                 compensation or agreement or understanding
21               therefor, except that details of any agreement by
                 the applicant for the sharing of compensation as a
22               member or regular associate of a firm of lawyers or
                 accountants shall not be required. . . .
23

24

25

26

    (07-43787 - Paul A. Joe and Diane Lynn Joe)
27  (08-10080 - Barbara J. Mangini)
    MEMORANDUM RE PRE-CONFIRMATION FEES and
28  EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 6 of 14
```

Rule 2002(a)(6) requires 20 days' notice of applications for compensation exceeding $1,000.00.

LBR 2016-1(e), entitled "Original Attorney Fees/Chapter 13 Cases," sets up this district's presumptive fee and the attendant procedures:

> Attorneys representing debtors in Chapter 13 cases may be entitled to receive a fee of up to $1,800 without having first filed a written application for fees. The fee shall be compensation for all services rendered the debtor through entry of the order confirming plan and shall include without limitation the following: the filing of a chapter 13 plan in the form required by Local Bankruptcy Rule 3015-1; filing with the chapter 13 Trustee the Chapter 13 Information Sheet together with the documents required by Interim Fed.R.Bank.P. 1007; appearing at the § 341 Meeting of Creditors; responding to objections to confirmation and motions for relief from stay that are resolvable without argument before the court; negotiating and presenting unopposed or agreed orders assuming or rejecting leases, resolving disputes regarding the valuation of collateral or providing for pre-confirmation adequate protection payments to creditors; amending the initial plan as necessary to obtain an order confirming the plan; adding creditors to the schedules and plan; negotiations with the Department of Licensing; and review of the trustee's statement of filed claims.
>
> Original attorney fees in excess of $1,800 may be requested by motion at any time before the confirmation order is entered, provided the fee request is accompanied by an itemized breakdown of time and is filed in the form and manner required by Local Bankruptcy Rule 2016-1(f).

And LBR 2016-1(f), regarding chapter 13 fee applications, requires:

> In chapter 13 cases, all applications for compensation for services and for reimbursement of necessary expenses in excess of $500 shall be served on the debtor, the chapter 13 Trustee, the United States Trustee, all creditors holding allowed claims and all parties requesting notice pursuant to Interim Fed.R.Bankr.P. 2002, and shall include the following:

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 7 of 14

(1) a statement, by date, of the amounts of compensation and reimbursement of expenses previously allowed and amounts paid;

(2) a narrative summary of the services provided;

(3) an itemized time record of services for which an award of compensation is sought, including:

(A) the date the service was rendered;

(B) the identity of the person who performed the service and the hourly rate of such individual;

(C) a detailed description of the service rendered and the time spent performing the service;

(D) the total number of hours spent and the total amount of compensation requested;

(4) an explanation of the effect the additional compensation will have on the plan and plan disbursements to creditors; and

(5) an itemized time record for all services provided since the date the case was originally filed.

While the Ninth Circuit, in a case regarding the Northern District of California's "no look" guidelines, has approved the presumptive fee approach in chapter 13 cases, its blessing is not without limits:

> We emphasize that the no-look guidelines establish only presumptive fees. If a Chapter 13 practitioner does not wish to apply for fees under the no-look guidelines, he or she is free not to do so and to submit instead a detailed fee application using the lodestar method. Or, if the practitioner has already submitted a no-look application and received presumptive fees, he or she is free to seek additional fees using the lodestar method if the presumptive fees have not provided fair compensation for the time spent on the case. Of course, a practitioner who chooses the latter approach must accept the possibility that the bankruptcy court may take a

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 8 of 14

Case 07-43787-BDL    Doc 29    Filed 03/13/08    Ent. 03/13/08 16:37:40    Pg. 8 of 14

fresh look at his entire fee application, not just that portion of the application relating to "additional" fees.

In re Eliapo, 468 F.3d 592, 600 (9th Cir. 2006).

That no party in interest has objected in either case is of no moment:

> The bankruptcy court has a duty to review fee applications notwithstanding the absence of objections by the trustee, debtor or creditors. In re Busy Beaver Building Centers, Inc., 19 F.3d 833, 841 (3d Cir.1994).

In re Auto Parts Club, Inc., 211 B.R. 29, 33 (9th Cir.BAP 1997).

The Joe and Mangini applications each requests fees substantially in excess of the presumptive $1,800 set by LBR 2016-1(e), and the additional amounts are based on estimates, and for some services which had not yet actually been performed at the time of the applications. Those services which had been performed are neither specified nor particularized to the case in question. It is evident that the applications do not comply with the requirements detailed above (I emphasize again that these are not egregious examples; rather, they reflect local practice which has developed over some considerable period of time). From all of this I conclude that I cannot enter the proposed orders as requested. I will conditionally approve the fees, but require counsel to submit applications in conformity with the statute and rules within thirty (30) days of confirmation or disgorge any fees received in excess of the presumptive fee set by LBR 2016-1(e).

I recognize that this procedure is, as well, arguably outside the strictly-construed requirements of the rules quoted above, but regard it

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 9 of 14

Case 07-43787-BDL    Doc 29    Filed 03/13/08    Ent. 03/13/08 16:37:40    Pg. 9 of 14

an analogous to the procedure established by order in many large chapter 11 cases, allowing professionals to be paid by the debtor-in-possession a substantial portion of the amounts billed monthly on statements filed with appropriate cover declarations, and later reconciled against interim fee awards. See In re Knudsen Corp., 84 B.R. 668, 672-673 (9th Cir. BAP 1988); In re Mariner Post-Acute Network, Inc., 257 B.R. 723 (Bankr. Del, 2000). Under Knudsen, the pre-approval payment of fees is limited to situations in which certain criteria, pertinent to chapter 11 practice, are met. Those criteria are irrelevant to the chapter 13 world, where the concern is that assessing the feasibility of the debtors' plans requires establishing the fees to be paid under the plans. The procedural requirements of Rule 2016 and LBR 2016-1 impose both cost and delay, which in turn increase the fees, and cause additional expense, creating a moving target. All this reduces payments to creditors. I do not read Knudsen as precluding analogous procedures in other appropriate circumstances, as I believe are presented here.

**IV. CONCLUSION**

Accordingly, I will enter orders in these cases[3] conditionally approving the requested fees, subject to application on full notice within 30 days of confirmation, and authorizing the trustee to disburse in accordance with the conditional orders pending the final orders. If the compensation and reimbursement of expenses ultimately approved is less than that counsel has already received, I will order disgorgement;

---

[3] in the form attached as Exhibit A.

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 10 of 14

Case 07-43787-BDL    Doc 29    Filed 03/13/08    Ent. 03/13/08 16:37:40    Pg. 10 of 14

likewise, if there is no timely further application, I will order disgorgement of any amounts in excess of the presumptive fee.

**/// - END OF MEMORANDUM - ///**

Philip H. Brandt
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 11 of 14

Case 07-43787-BDL    Doc 29    Filed 03/13/08    Ent. 03/13/08 16:37:40    Pg. 11 of 14

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>[DEBTOR(S)],<br><br>            Debtor(s). | No.<br><br>**ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES AND COSTS** |

    Before the court is debtor's counsel's application for pre-confirmation fees and costs. Having considered the application and the records and files herein, and finding that appropriate notice has been given and the services projected to be rendered to debtor(s) and costs expended on behalf of debtor(s) are reasonable and necessary, IT IS ORDERED:

    1. The applicant is conditionally awarded pre-confirmation attorney fees of $_____ and reimbursement of costs of $_____, of which $_____ has been paid, leaving a balance of $_____; PROVIDED that, within thirty (30) days of confirmation, applicant shall submit an application for compensation and reimbursement of costs in accordance with the Bankruptcy Code and pertinent rules, failing which the award for pre-confirmation services will be limited to the presumptive fee established by Local Bankruptcy Rule 2016-1(e). If the compensation and reimbursement of expenses ultimately awarded is less

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 12 of 14

than that conditionally awarded by this order, counsel shall disgorge any excess compensation received the chapter 13 trustee; and

    2.    The chapter 13 trustee is authorized to disburse the compensation and reimbursement of expenses conditionally awarded by this order on confirmation.

*///  - **END OF ORDER** - ///*

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 13 of 14

CERTIFICATE OF SERVICE:
I CERTIFY I SERVED COPIES OF
THE FOREGOING (VIA U.S. MAIL,
FACSIMILE, OR ELECTRONICALLY) ON:

| | |
|---|---|
| Ta Teasha Davis | David A. Kubat |
| Email: tmd@legalhelpers.com | Email: quithran@comcast.net |
| (Paul A. Joe; Diane Lynn Joe) | (Barbara J. Mangini) |
| David M. Howe | K. Michael Fitzgerald |
| Chapter 13 Trustee | Chapter 13 Trustee |
| Served via ECF | Served via ECF |
| U.S. Trustee | |
| Served via ECF | |

DATE:   March 13, 2008

BY:     Juanita C. Kandi

(07-43787 - Paul A. Joe and Diane Lynn Joe)
(08-10080 - Barbara J. Mangini)
MEMORANDUM RE PRE-CONFIRMATION FEES and
EXHIBIT A - ORDER CONDITIONALLY AWARDING PRE-CONFIRMATION FEES - 14 of 14